UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERNEST KING,

      Plaintiff,

   -against-

C.O. GILARD, et al.,

      Defendants.

1:25-CV-9149 (LTS)

BAR ORDER UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff Ernest King filed this action *pro se* and seeks to proceed *in forma pauperis* ("IFP"). By order dated November 17, 2025, the Court: (1) noted that, while Plaintiff has been a prisoner, he has filed three or more federal civil actions that were dismissed as frivolous, malicious, or for failure to state a claim on which relief may be granted, and; (2) directed Plaintiff to show cause by declaration, within 30 days, explaining any reason why he is not barred from bringing this action IFP as a prisoner under the three-strikes provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). (ECF 6, at 3.) The Court warned Plaintiff that, if he did not show cause, or if he failed to respond, the Court would recognize him as barred with respect to this action and as to future federal civil actions that he files as a prisoner, deny his IFP application for this action, and dismiss this action without prejudice under Section 1915(g). (*Id.*)

  On November 25, 2025, the Court received a letter from Plaintiff asserting that "the date when [he] file[d] is wrong." (ECF 7.) He has not, however, filed a declaration in response to the Court's November 17, 2025 order. Accordingly, the Court recognizes Plaintiff as barred from proceeding IFP as a prisoner under Section 1915(g) in this action and future federal civil actions, denies Plaintiff's IFP application for this action, and dismisses this action without prejudice.

**CONCLUSION**

The Court finds that, while Plaintiff has been a prisoner, he has filed three or more federal civil actions that are deemed "strikes" for the purposes of 28 U.S.C. § 1915(g) because they were dismissed as frivolous, malicious, or for failure to state a claim on which relief may be granted. Because Plaintiff has not shown cause why the Section 1915(g) filing bar should not be applied to this action and to any future federal civil action that he brings seeking to proceed IFP as a prisoner, the Court recognizes Plaintiff as barred from proceeding IFP as a prisoner under Section 1915(g) in this action and future federal civil actions, denies his IFP application for this action, and dismisses this action without prejudice.[1] *See* 28 U.S.C. § 1915(g).

Plaintiff is barred from filing future federal civil actions IFP as a prisoner unless he is under imminent danger of serious physical injury at the time of the filing of his complaint. *See id.* The Court warns Plaintiff that the submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *See* 28 U.S.C. § 1651.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[1] Plaintiff may commence a new federal civil action as a prisoner by paying the relevant fees. If Plaintiff does so and names a governmental entity or a governmental officer or employee as a defendant, his complaint commencing that action will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* such action from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The Court directs the Clerk of Court to enter a judgment dismissing this action without prejudice for the reasons set forth in this order.

SO ORDERED.

Dated:    March 19, 2026
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                   Chief United States District Judge